## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-1932-JLK

U.S. COMMODITY FUTURES TRADING COMMISSION,

    Plaintiff,

v.

MICHAEL GALE, individually and d/b/a/ CAPITAL MANAGEMENT GROUP

    Defendant.

_____

### STATUTORY RESTRAINING ORDER

_____

Kane, J.

      Having read the Complaint for Injunctive and Other Equitable Relief and Civil Monetary Penalties Under the Commodity Exchange Act filed by Plaintiff Commodity Futures Trading Commission ("CFTC" or "Commission") (Doc. 1), the CFTC's Motion for *Ex Parte* Statutory Restraining Order (Doc. 5) and Preliminary Injunction (Doc. 6), together with the accompanying Memorandum in Support of Plaintiff's Motion for *Ex Parte* Statutory Restraining Order and Preliminary Injunction and Other Ancillary Relief submitted in support of the CFTC's Motion (Doc. 7),

      **THE COURT FINDS:**

      1.    The Court has jurisdiction over the subject matter of this case.  Section 6c of the Commodity Exchange Act ("Act") as amended by the Food, Conservation, and Energy Act of 2008, Pub. L. No. 110-246, Title XIII (the CFTC Reauthorization Act of 2008 ("CRA")), §§ 13101-13204, 122 Stat. 1651 (enacted June 18, 2008), and the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010 ("Dodd-Frank Act"), Pub. L. No. 111-203, Title

VII (the Wall Street Transparency and Accountability Act of 2010), §§701-774, 124 Stat. 1376 (enacted July 21, 2010), to be codified at 7 U.S.C. §§ 1 *et seq*., and Commission Regulations ("Regulation(s)"), 17 C.F.R. §§ 1 *et seq*. (2012), authorizes this Court to enter a statutory restraining order against Michael Gale, individually and doing business as Capital Management Group ("Defendant").

2.      Venue properly lies with this Court pursuant to Section 6c(e) of the Act, 7 U.S.C. § 13a-1(e) (2006).

3.      There is good cause to believe that Defendant has engaged, is engaging in or is about to engage in violations of Sections 4b(a)(2)(i)-(iii), 7 U.S.C. § 6b(a)(2)(i)-(iii) (2006), with respect to acts occurring before June 18, 2008, and Section 4b(a)(1)(A)-(C) of the Act, as amended, to be codified at 7 U.S.C. § 6b(a)(1)(A)-(C), with respect to acts occurring on or after June 18, 2008, and Section 4*o*(1)(A) and (B) of the Act, 7 U.S.C. § 6*o*(1)(A), (B) (2006).  In addition, it appears there is good cause to believe that Defendant acted as a commodity pool operator ("CPO") without the benefit of registration in violation of Section 4m(1) of the Act, 7 U.S.C. § 6m(1) (2006).  Further, by failing to operate the Pool as a legal entity separate from that of the CPO, by receiving funds in Gale's name and by commingling Pool participants' funds with his own funds and the funds of other persons, it appears there is good cause to believe that Defendant violated Regulation 4.20(a)-(c), 17 C.F.R. § 4.20(a)-(c) (2012).

4.      There is good cause to believe that immediate and irreparable harm to the Court's ability to grant effective final relief to Defendant's commodity pool customers in the form of monetary redress will occur from the sale, transfer, assignment, or other disposition by Defendant of his assets or destruction of records unless Defendant is immediately restrained and enjoined by order of this Court. Accordingly, there is good cause to issue this Order.

5.      There is good cause for the Court to freeze assets owned, controlled, managed, or held by or on behalf of, or for the benefit of Defendant.

6.      There is good cause for entry of an order prohibiting Defendant, his agents, servants, employees, assigns, attorneys, and persons in active concert or participation with the Defendant, including any successor thereof, from destroying records and/or denying agents of the Commission access to inspect and copy records to ensure that Commission representatives have immediate and complete access to those books and records.

7.      Absent the entry of this statutory restraining order, the Defendant is likely to dissipate or transfer assets and destroy business records.

8.      This is a proper case for granting a statutory restraining order *ex parte* to preserve the status quo, protect public customers from loss and damage, and enable the Commission to fulfill its statutory duties, therefore the Court orders as follows:

## DEFINITIONS

For the purposes of this Order, the following definitions apply:

9.      The term "assets" means any legal or equitable interest in, right to, or claim to, any real or personal property, whether individually or jointly, directly or indirectly controlled, and wherever located, including but not limited to: chattels, goods, instruments, equipment, fixtures, general intangibles, effects, leaseholds mail or other deliveries, inventory, checks, notes, accounts (including, but not limited to, bank accounts and accounts at other financial institutions), credits, receivables, lines of credit, contracts (including spot, futures, options, or swaps contracts), insurance policies, and all cash, wherever located, whether in the United States or outside the United States.

10.     The term, "document" is synonymous in meaning and equal in scope to the usage of the term in Federal Rule of Civil Procedure ("Fed. R. Civ. P.") 34(a), and includes, but is not limited to, all writings or printed matter of any kind, including without limitation: records, correspondence, memoranda, notes, rolodexes, address books, diaries, statistics, e-mail, letters, telegrams, minutes, contracts, reports, studies, checks, statements, receipts, returns, summaries, pamphlets, books, prospectuses, interoffice or intra-office communications, telephone message slips, offers, notations of conversations, bulletins, drawings, plans, computer printouts, computer input or output, teletypes, facsimiles, invoices, worksheets, ledger books, books of accounts, and all drafts, alterations, modifications, changes and amendments of any of the foregoing.  The term "document" also includes graphs, charts, photographs, phonographic record, audio and video recordings, computer records, and other data compilations from which information can be obtained or translated, if necessary, through detection devices into reasonable usable form.  The term "document" also refers to each and every document in your actual or constructive possession, including but not limited to: (i) all documents within your custody or control of any of your present or former agents, employers, employees, partners, and (ii) all documents which you have a legal or equitable right to obtain from another person.  A draft or non-identical copy is a separate document within the meaning of the term.  A document also includes the file and folder tabs associated with each original and copy.

11.     "Defendant" refers to Michael Gale, individually and doing business as Capital Management Group and any person insofar as he or she is acting in the capacity of an officer, agent servant, employee, or attorney of the Defendant and any person who receives actual notice of this Order by personal service or otherwise insofar as he or she is acting in concert or participation with the Defendant. "Defendant" also refers to any d/b/a, successor, affiliate,

subsidiary, or other entity owned, controlled, managed, or held by, on behalf of, or for the benefit

of Michael Gale, individually and doing business as Capital Management Group.

**RELIEF GRANTED**

**I.** *ASSET FREEZE ORDER PROHIBITING THE TRANSFER, REMOVAL,*
*DISSIPATION and DISPOSAL OF ASSETS*

12.      **IT IS ORDERED** that the Defendant is restrained and enjoined from directly or

indirectly withdrawing, transferring, removing, dissipating, selling, alienating, liquidating,

encumbering, pledging, leasing, loaning, assigning, concealing, converting, or otherwise

disposing of any funds, assets or other property, wherever located, including funds, property or

assets held outside the United States, except as ordered by the Court.  The assets affected by this

Paragraph shall include both existing assets and assets acquired after the effective date of this

Order, as well as accounts not specifically identified below.

13.      **IT IS FURTHER ORDERED** that, pending further order of this Court, any

bank, financial or brokerage institution, entity, or person that holds, controls, or maintains

custody of any funds, assets or other property of Defendant, or has held, controlled, or

maintained custody of any funds, assets or other property of Defendant, and who receives notice

of this Order by any means, including facsimile, electronic mail, United Parcel Service and

Federal Express, shall:

A.      Prohibit Defendant and any other person from withdrawing, removing, assigning,

transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise

disposing of any such assets except as directed by further order of the Court;

B.      Deny Defendant and all other persons access to any safe deposit box that is:

       1.      owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendant, either individually, jointly or in any other capacity, including safe deposit boxes tiled in the name of or maintained by nominees of Defendant; or

       2.      otherwise subject to the control of or access by Defendant;

     C.     Cooperate with all reasonable requests of the CFTC relating to implementation of this Order, including producing records related to Defendant's accounts and Defendant's businesses.

## II. *PROHIBITION OF DESTRUCTION OF BOOKS AND RECORDS*

    14.    **IT IS FURTHER ORDERED** that Defendant and all persons or entities who receive notice of this Order by personal service or otherwise, including electronic mail, facsimile, United Parcel Service and Federal Express, are restrained and enjoined from directly or indirectly destroying, mutilating, erasing, altering, concealing or disposing of, in any manner, directly or indirectly, any documents that relate to the business operations or practices, or the business or personal finances, of Defendant.

## III. *ACCESS TO AND INSPECTION OF BOOKS AND RECORDS*

    15.    **IT IS FURTHER ORDERED** that representatives of the CFTC be allowed immediately to inspect the books, records, and other documents of Defendant and his agents including, but not limited to, electronically stored data, tape recordings, and computer discs, wherever they may be situated and whether they are in the possession of Defendant or others, and to copy said documents, data and records, either on or off the premises where they may be situated.

## IV. *SERVICE OF ORDER AND ASSISTANCE OF U.S. MARSHALS SERVICE*

16.      **IT IS FURTHER ORDERED** that copies of this Order may be served by any means, including electronic mail, facsimile transmission, United Parcel Service and Federal Express, upon any financial institution or other entity or person that may have possession, custody, or control of any documents or assets of Defendant, or that may be subject to any provision of this Order.  Mary Elizabeth Spear, and, all employees of the CFTC, are hereby specially appointed to serve process, including this Order and all other papers in this cause.

17.      **IT IS FURTHER ORDERED** that the United States Marshals Service is directed to assist the CFTC with service of process, including the Summons and Complaint and all other papers in this case.

## V. *BOND NOT REQUIRED OF PLAINTIFF*

18**.**      **IT IS FURTHER ORDERED THAT** pursuant to Section 6c(b) of the Act, 7 U.S.C. § 13a-1(b), no bond need be posted by the Commission, which is an agency of the United States of America.

## VI. *SERVICE ON THE COMMISSION*

19.      **IT IS FURTHER ORDERED** that Defendant shall serve all pleadings, correspondence, notices required by this Order, and other materials on the CFTC by delivering a copy to Allison Passman, Trial Attorney, Division of Enforcement, Commodity Futures Trading Commission, 525 W. Monroe St., Suite 1100, Chicago, IL 60661.

## VII. *COURT MAINTAINS JURISDICTION*

20.      **IT IS FURTHER ORDERED** that this Order shall remain in full force and effect until further order of this Court, upon application, notice and an opportunity to be heard, and that this Court retains jurisdiction of this matter for all purposes.

## VII. *FURTHER COURT HEARINGS*

21**.     IT IS FURTHER ORDERED** that this matter is set for a status hearing at 10:00 a.m. on Thursday, August 2, 2012, in Courtroom A-802 of the Alfred A. Arraj U.S. District Courthouse, 901 19th St, Denver, Colorado, 80294.  The date for hearing on Plaintiff's Motion for Preliminary Injunction will be set at that time.  Service of this Statutory Restraining Order on Defendant shall be accomplished forthwith.

**DATED July 25, 2012.**             s/John L. Kane
                                     **SENIOR U.S. DISTRICT JUDGE**