## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 12-cv-1932-JLK

U.S. COMMODITY FUTURES TRADING COMMISSION,

     Plaintiff,

v.

MICHAEL GALE, individually and d/b/a/ CAPITAL MANAGEMENT GROUP

     Defendant.

## CONSENT ORDER FOR PRELIMINARY INJUNCTION AND OTHER ANCILLARY RELIEF AGAINST DEFENDANT

On July 25, 2012, Plaintiff Commodity Futures Trading Commission ("Commission" or "CFTC") filed a Complaint against Michael Gale ("Gale"), individually and doing business as Capital Management Group ("CMG") (collectively "Defendant"), seeking injunctive and other equitable relief, as well as the imposition of civil penalties, for violations of the Commodity Exchange Act ("Act"), 7 U.S.C. §§ 1 *et seq.* (2006 and Supp. 2009), as amended by the Dodd-Frank Wall Street Reform and Consumer Protection Act of 2010, Pub. L. No. 111-203, Title VII (the Wall Street Transparency and Accountability Act of 2010) ("Dodd-Frank Act"), §§ 701-774 (enacted July 16, 2010), to be codified at 7 U.S.C. §§ 1 *et seq.*, and Commission Regulations, 17 C.F.R. §§ 1 *et seq.* (2012). (Doc. 1.) This Court entered, among other things, an *ex parte* statutory restraining order against Defendants on that same date, (Doc. 11 *Ex Parte*), and an Amended Statutory Restraining Order on August 1, 2012. (Doc. 13 *Ex Parte*).

On August 7, 2012, counsel for Defendant agreed to accept service of the Summons, Complaint, and accompanying materials. The CFTC received an executed Waiver of the Service

1

of Summons pursuant to Fed. R. Civ. Pro. 4(d) on August 9, 2012 and filed an Unopposed Motion to Unseal Docket and Case File the same day.

Defendant Gale, individually and d/b/a CMG, without admitting or denying the allegations of the Complaint for the purposes of this Consent Order for Preliminary Injunction and Other Ancillary Relief ("Order"), except as to jurisdiction and venue, which he admits, consents to the entry of this Order and states that the consent is entered voluntarily and that no promise or threat has been made by the Commission or any member, officer, agent or representative thereof, to induce Defendant to consent to this Order.

**THE PARTIES AGREE AND THE COURT FINDS THAT:**

1. This Court has jurisdiction over the subject matter of this action and Defendant pursuant to Section 6c of the Act, as amended, to be codified at 7 U.S.C. § 13a-1, which authorizes the Commission to seek injunctive relief against any person whenever it shall appear that such person has engaged, is engaging or is about to engage in any act or practice constituting a violation of any provision of the Act or any rule, regulation or order thereunder.

2. Defendant acknowledges receipt of the Complaint and waives formal service of summons.

3. Venue properly lies with this Court pursuant to Section 6c(e) of the Act, as amended, to be codified at 7 U.S.C. § 13a-1(e), in that Defendant resides in this District and the acts and practices in violation of the Act have occurred within this District and elsewhere.

4. Defendant waives the entry of findings of facts and conclusions of law for purposes of this Order pursuant to Rule 52 of the Federal Rules of Civil Procedure.

## I. **DEFINITIONS**

For the purposes of this Order, the following definitions apply:

2

5.     The term "document" is synonymous in meaning and equal in scope to the usage

of the term in Federal Rule of Civil Procedure 34(a), and includes writings, drawings, graphs,

charts, photographs, audio and video recordings, computer records, and other data compilations

from which information can be obtained and translated, if necessary, through detection devices

into reasonably usable form.  A draft or non-identical copy is a separate document within the

meaning of the term.

6.     The term "assets" means any legal or equitable interest in, right to, or claim to,

any real or personal property, including but not limited to chattels, goods, instruments,

equipment, fixtures, general intangibles, effects, leaseholds, mail or other deliveries, inventory,

checks, notes, accounts, credits, receivables, lines of credit, contracts, insurance policies, and all

cash, wherever located.

## II.     INJUNCTIVE RELIEF GRANTED

**IT IS THEREFORE ORDERED THAT:**

7.     Defendant Gale, individually and d/b/a CMG is restrained, enjoined and

prohibited, until further order of the Court, from (1) making misrepresentations or omissions in

connection with his trading of commodity futures or operation of a commodity pool; (2) issuing

false reports or statements or false tax records to current or prospective commodity pool

customers or commodity customers; (3) misappropriating commodity pool participants' monies;

(4) employing any device, scheme or artifice to defraud any current or prospective commodity

pool customers, (5) failing to register as a commodity pool operator ("CPO"); (6) failing to

operate a pool as a separate legal entity, accept funds in his own name and commingle pool

funds; or (7) otherwise violating Sections 4b(a)(1)(A)-(C), 4o(1), and 4m(1) of the Act, as

amended, 7 U.S.C. §§ 6b(a)(1)(A)-(C), 6o(1) and 6m(1), and Commission Regulation 4.20(a)-

(c), 17 C.F.R. § 4.20(a)-(c) (2012).

8.     Defendant Gale, individually and d/b/a CMG is also restrained, enjoined and

prohibited, until further order of the Court, from directly or indirectly:

A.     Trading on or subject to the rules of any registered entity, as that term
is defined in Section 1a of the Act, to be codified at 7 U.S.C. § 1a;

B.     Entering into any transactions involving commodity futures, options on
commodity futures, commodity options (as that term is defined in
Commission Regulation 1.3(hh), 17 C.F.R. § 1.3(hh) (2012)) ("commodity
options"), security futures products, and/or foreign currency (as described
in Sections 2(c)(2)(B) and/or 2(c)(2)(C)(i) of the Act, as amended by the
Dodd-Frank Act, to be codified at 7 U.S.C. §§ 2(c)(2)(B) and
2(c)(2)(C)(i)) ("forex contracts"), for his own personal account or for any
account in which he has a direct or indirect interest;

C.     Having any commodity futures, options on commodity futures,
commodity options, security futures products, and/or forex contracts
traded on his behalf;

D.     Controlling or directing the trading for or on behalf of any other person or
entity, whether by power of attorney or otherwise, in any account
involving commodity futures, options on commodity futures, commodity
options, security futures products, and/or forex contracts;

E.     Soliciting, receiving, or accepting any funds from any person for the
purpose of purchasing or selling any commodity futures, options on
commodity futures, commodity options, security futures products, and/or
forex contracts;

F.     Applying for registration or claiming exemption from registration with the
Commission in any capacity, and engaging in any activity requiring such
registration or exemption from registration with the Commission, except
as provided for in Commission Regulation 4.14(a)(9), 17 C.F.R.
§ 4.14(a)(9) (2012); and

G.     Acting as a principal (as that term is defined in Commission Regulation
3.1(a), 17 C.F.R. § 3.1(a) (2012)), agent or any other officer or employee
of any person registered, exempted from registration or required to be
registered with the Commission, except as provided for in Commission
Regulation 4.14(a)(9), 17 C.F.R. § 4.14(a)(9) (2012);

4

### III.   PROHIBITION ON DESTRUCTION OF AND ACCESS TO BOOKS AND RECORDS AND ASSET FREEZE

**IT IS FURTHER ORDERED THAT:**

9.    Defendant Gale, individually and d/b/a CMG, and Defendant's officers, agents, servants, employees, and attorneys, and persons who are in active concert or participation with anyone acting in the capacity of an officer, agent, servant, employee, and attorney of Defendant, who receives actual notice of this Order by personal service or otherwise who is acting in concert or participation with Defendant, is further restrained, enjoined and prohibited, until further order of the Court, from directly or indirectly:

A.    Destroying, mutilating, concealing, altering, erasing or disposing of, in any manner, directly or indirectly, any books, records, correspondence, brochures, manuals, electronically stored data, tape records or other documents or property of Defendant wherever located, including all such records concerning Defendant's business operations;

B.    Refusing to permit authorized representatives of the Commission, when and as requested by those representatives, to inspect any books, records and other electronically stored data, tape recordings, computer disks, computer hard drives, property and other documents of Defendant's and his agents, including all such records of their business operations, wherever they are situated and whether they are in the possession of Defendant or others, and to copy said documents, data, and records either on or off the premises where they may be located; and

C.    Withdrawing, transferring, removing, dissipating, concealing or disposing of, in any manner, any funds, assets or other property, wherever located, whether foreign or domestic, including but not limited to all funds, personal property, money or securities held in safes, safety deposit boxes or otherwise, and all funds on deposit in any financial or brokerage institution, futures commission merchant ("FCM") bank or savings and loan account held by, under the actual or constructive control of, or in the name of Defendant, either individually or jointly, or in any other capacity, including both existing assets and assets acquired after the effective date of this Order, including but not limited to, accounts in the name of Gale, CMG carried at BBVA Compass Bank,

FirstBank, Public Service Credit Union, Wells Fargo Bank, N.A., Dorman Trading, LLC, and TransAct Futures.

### IV.  DIRECTIVES TO FINANCIAL INSTITUTIONS AND OTHERS

**IT IS FURTHER ORDERED THAT:**

10.  Pending further Order of this Court, any bank, financial or brokerage institution, business entity, financial institution, FCM, Forex dealer or person that holds, controls, or maintains custody of any funds, assets or other property of Defendant, or has held, controlled, or maintained custody of any funds, assets or other property of Defendant, and who receives notice of this Order by any means, including electronic mail, facsimile, United Parcel Service or Federal Express, shall:

A.  Cooperate with all reasonable requests of the Commission relating to implementation of this Order, including producing records related to Defendant's accounts and businesses;

B.  Prohibit Defendant, and any person or entity acting in the capacity of an agent or employee of Defendant, from withdrawing, removing, assigning, transferring, pledging, encumbering, disbursing, dissipating, converting, selling or otherwise disposing of any such assets except as directed by further order of the Court; and

C.  Deny Defendant and all other persons access to any safe deposit box that is:

1.  Titled in the name of or maintained by Defendant, either individually or jointly, or in any other capacity, including safe deposit boxes titled in the name of or maintained by nominees of Defendant; or

2.  Otherwise subject to the control of or access by Defendant.

11.  Pending further Order of this Court, any bank, financial or brokerage institution, FCM, forex dealer, business entity, or person that holds, controls, or maintains custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of

6

Defendant, or has held, controlled, or maintained custody of any account or asset owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendant, at any time since June 2007, shall:

    A.    Provide counsel for the Commission, within ten (10) business days of receiving a copy of this Order, a statement setting forth: (a) the identification number of each and every such account or asset titled in the name, individually or jointly, of Defendant, or owned, controlled, managed, or held by, on behalf of, or for the benefit of Defendant; (b) the balance of each such account, or a description of the nature and value of such asset as of the close of business on the day on which this Order is served, and, if the account or other asset has been closed or removed, the date closed or removed, the total funds removed in order to close the account, and the name of the person or entity to whom such account or other asset was remitted; and (c) the identification of any safe deposit box that is either titled in the name, individually or jointly, of Defendant, or is otherwise subject to access by Defendant and any other person on behalf of Defendant; and

    B.    Upon request by the Commission, promptly provide the Commission with copies of all records or other documentation pertaining to such account or asset, including, but not limited to, originals or copies of account applications, account statements, signature cards, checks, drafts, deposit tickets, transfers to and from the accounts, all other debit and credit instruments or slips, currency transaction reports, 1099 forms, and safe deposit box logs.

## V.    REQUIRED ACCOUNTING

**IT IS FURTHER ORDERED THAT:**

    12.    Defendant shall prepare, sign and file with the Court, within thirty (30) days of the date of this Order, a complete and accurate accounting of all of Defendant's assets and liabilities, including all funds Defendant received from and paid to customers and pool participants and other persons in connection with all commodity futures, options on commodity futures, commodity options, security futures products, forex contracts; or purported commodity futures, options on commodity futures, commodity options, security futures products, forex contracts or transactions, together with the names, mailing addresses, email addresses and

telephone numbers of any such persons, for the period of June 2007, to and including the date of such accounting.

13. Defendant shall prepare, sign and file with the Court, within thirty (30) days of the date of this Order, a complete and accurate accounting of all disbursements made for any purpose whatsoever of any funds received from pool participants and other persons in connection with all commodity futures, options on commodity futures, commodity options, security futures products, forex contracts; or purported commodity futures, options on commodity futures, commodity options, security futures products, forex contracts or transactions, including but not limited to salaries, commissions, fees, loans and other disbursements of money and property of any kind, from June 1, 2007, to and including the date of such accounting.

14. Defendant shall identify and provide to the Commission, within thirty (30) days of the date of this Order, an accounting of all assets and property they currently maintain outside the United States, including but not limited to all funds on deposit in any financial or brokerage institution, FCM, Registered Foreign Exchange Dealer, bank, or savings and loan institution held by, under the control of, or in the name of Defendant, whether maintained jointly or in any other capacity, and shall repatriate all funds held in such accounts by paying them to the Clerk of the Court, or as otherwise ordered by the Court, for further disposition in this case.

15. Defendant shall also produce, within thirty (30) days of the date of this Order, all books, records, and other documents supporting or underlying the accounting referenced in Section V, Paragraphs 12 through 14 of this Order.

## VI. BOND NOT REQUIRED OF PLAINITFF

16. Pursuant to Section 6c(b) of the Act, as amended, 7 U.S.C. § 13a-1(b), no bond need be posted by the Commission, which is an agency of the United States of America.

8

## VII.  SERVICE OF ORDER

**IT IS FURTHER ORDERED THAT:**

17.    It is further ordered that copies of this Order may be served by any means, including personal service, electronic mail, facsimile transmission, United Parcel Service, Federal Express, other commercial overnight service, or pursuant to Rule 5 of the Federal Rules of Civil Procedure and Articles 2 through 10 of the Hague Convention, Service Abroad of Judicial and Extrajudicial Documents, upon any financial or brokerage institution, FCM, bank, savings and loan institution, or other entity or person that holds any accounts, funds, assets, or other property of Defendant or that may have possession, custody, or control of any documents of Defendant, or that may be subject to any provision of this Order.  Mary Elizabeth Spear and other employees of the Commission are hereby specially appointed to serve process, including this Order and all other papers in this cause.

## VIII.  COURT MAINTAINS JURISDICTION

**IT IS FURTHER ORDERED THAT:**

18.    This Order shall remain in effect until further order of the Court and the Court shall retain jurisdiction over this action to ensure compliance with this Order and for all other purposes related to this action.  This Order supersedes the Amended *ex parte* statutory restraining order entered by the Court on August 1, 2012.

9

**CONSENTED TO AND APPROVED BY:**

_____ Dated: _____8/13/12_____

Michael Gale, individually and d/b/a
Capital Management Group,
On the advice of my attorney, Daniel Levin, Esq.,

_____ Dated: _____8/13/12_____

Allison Passman
Trial Attorney for Plaintiff
Commodity Futures Trading Commission
Division of Enforcement
525 West Monroe Street, Suite 1100
Chicago, Illinois 60661
(312) 596-0704 (Passman)
(312) 596-0714 (facsimile)
apassman@cftc.gov

Dated: _John P. Kane_____ _____8·14·12_____

Honorable John L. Kane
Senior United States District Court Judge